MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT TASHJIAN (Cal. Bar No. 191007)
　　tashjianr@sec.gov
LLOYD FARNHAM (Cal. Bar No. 202231)
　　farnhaml@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MAHER F. KARA, MICHAEL F. KARA,<br>EMILE Y. JILWAN, ZAHI T. HADDAD,<br>BASSAM Y. SALMAN, and KARIM I. BAYYOUK,<br><br>　　　　　　Defendants. | Case No. CV 09-1880 MHP<br><br>[PROPOSED]<br>FINAL JUDGMENT AS TO<br>DEFENDANT ZAHI T. HADDAD |

　　The Securities and Exchange Commission having filed a Complaint and Defendant Zahi T. Haddad having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the

offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

    (b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

        (i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

        (ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

        (iii)    to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $91,930.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,605.20, for a total of $107,535.20. Based on Defendant's sworn representations in his Statement of Financial Condition dated June 17, 2009, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil

penalty, and payment of all but $18,000.00 of the disgorgement and prejudgment interest thereon is waived. Defendant shall satisfy this obligation by paying $18,000.00, pursuant to the terms of the payment schedule set forth in paragraph VI below, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Zahi T. Haddad as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

Zahi T. Haddad shall pay $18,000.00 in twelve installments of $1,500.00 according to the following schedule:

| INSTALLMENT | PAYMENT DUE DATE |
|---|---|
| 1 | December 1, 2009 or 10 days after the entry of this Final Judgment, whichever is later. |
| 2 | March 1, 2010 |
| 3 | June 1, 2010 |
| 4 | September 1, 2010 |
| 5 | December 1, 2010 |
| 6 | March 1, 2011 |
| 7 | June 1, 2011 |
| 8 | September 1, 2011 |
| 9 | December 1, 2011 |
| 10 | March 1, 2012 |
| 11 | June 1, 2012 |
| 12 | September 1, 2012 |

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment,

1  including post-judgment interest, minus any payments made, shall become due and payable
2  immediately without further application to the Court.

3                                                V.

4           The determination not to impose a civil penalty and to waive payment of all but
5  $18,000.00 of the disgorgement and pre-judgment interest is contingent upon the accuracy and
6  completeness of Defendant's Statement of Financial Condition. If at any time following the
7  entry of this Final Judgment the Commission obtains information indicating that Defendant's
8  representations to the Commission concerning his assets, income, liabilities, or net worth were
9  fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such
10 representations were made, the Commission may, at its sole discretion and without prior notice
11 to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the
12 disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty
13 allowable under the law. In connection with any such petition, the only issue shall be whether
14 the financial information provided by Defendant was fraudulent, misleading, inaccurate, or
15 incomplete in any material respect as of the time such representations were made. In its petition,
16 the Commission may move this Court to consider all available remedies, including, but not
17 limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or
18 sanctions for contempt of this Final Judgment. The Commission may also request additional
19 discovery. In opposing such petition Defendant may assert that representations to the
20 Commission concerning his assets, income, liabilities, or net worth were not fraudulent,
21 misleading, inaccurate, or incomplete in any material respect as of the time such representations
22 were made. Defendant may not, by way of defense to such petition: (1) challenge the validity of
23 the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the
24 Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest
25 or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-
26 judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty
27 allowable under the law; or (6) assert any defense to liability or remedy, including, but not
28 limited to, any statute of limitations defense.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 5, 2009

_____
MARILYN HALL PATEL
United States District Judge

Approved as to form:

_____
Jeffrey A. Feldman, Esq.
505 Montgomery Street, Floor 7
San Francisco, CA  94111
Telephone:  (415) 391-5555
ATTORNEY FOR DEFENDANT ZAHI T. HADDAD