United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff(s),

  v.

MAHER F KARA, MICHAEL F. KARA,
EMILE Y JILWAN, ZAHI T. HADDAD,
BASSAM Y. SALMAN, and KARIM I.
BAYYOUK

        Defendant(s).

_____/

No. C 09-01880 MHP

**MEMORANDUM & ORDER**

**Re:  Defendants' Motion to Dismiss or, in
the Alternative, for a More Definite
Statement**

On April 30, 2009, the Securities and Exchange Commission ("the Commission") filed this

action against defendants, Maher Kara, Michael Kara, Emile Jilwan, Zahi Haddad, Bassam Salman,

and Karim Bayyouk (collectively "defendants").  The Commission alleges that defendants engaged

in a fraudulent scheme to trade in the securities of various companies on the basis of material

nonpublic information in violation of Sections 10(b) and 14(e) of the Securities Exchange Act of

1934.  In the instant motion, defendants move to dismiss the complaint on the bases that the claims

fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and the

Commission has failed to allege facts constituting grounds for injunctive relief.  Having considered

the arguments and the submissions of the parties, the court enters the following memorandum and

order.

United States District Court

For the Northern District of California

1

2    BACKGROUND[1]

3         Maher Kara was employed as an investment banker in the investment banking division of

4    Citigroup Global Markets, Inc. ("Citigroup") from 1998 to April 2007.  In 2002, he began to

5    specialize in healthcare companies and worked primarily in that sector from then on.  He was

6    routinely exposed to confidential information regarding Citigroup's clients and was often privy to

7    confidential information, negotiations and transactions.  Additionally, he was subject to

8    confidentiality restrictions as set forth by Citigroup's policies and was prohibited from trading in

9    securities issued by any healthcare company.

10        The complaint lays out in great detail the manner in which the defendants engaged in insider

11   trading with respect to the securities of two companies, Andrx Corporation ("Andrx") and Biosite,

12   Inc. ("Biosite").  In 2006, Andrx was acquired by a Citigroup client, and in 2007, Biosite was

13   acquired by a different Citigroup client.  The complaint includes specific details about the emails

14   and meetings through which Maher Kara came into possession of material, nonpublic information

15   about the acquisitions, Docket No. 1 (Compl.) ¶¶ 27, 41, 43; documents with meticulous detail the

16   telephone calls between Maher Kara and Michael Kara during which Maher Kara transmitted the

17   privileged information to Michael Kara, id. ¶¶ 30, 46; catalogues all of the individuals that Michael

18   Kara tipped with that information and the dates, times and amounts of the trades in Andrx and

19   Biosite securities that all defendants made based on those tips, id. ¶¶ 33-39, 46-57.

20        Defendants' motion specifically objects to other, more general allegations of misconduct

21   included in the complaint.  In a separate section of the complaint entitled "The Scheme to Profit

22   from Illegal Trading," the Commission avers that Maher Kara misappropriated material, nonpublic

23   information about pending transactions for three other companies, identified only as Companies A,

24   B and C.  Id. ¶¶ 58-62.  In all three situations, the complaint alleges that one of these companies was

25   targeted for acquisition, that either the target company or the acquiring entity was a client of

26   Citigroup, that Maher Kara was aware of the impending transaction, that one or more of the

27   defendants traded in the securities of that company, and that the planned acquisition eventually fell

28
                                                      2

1   through and was never publicly announced. Id.  The Commission also alleges that "Michael Kara

2   traded in companies with pending projects or meetings involving Maher Kara's group within

3   Citigroup at least 20 times from 2004 to 2007." Id. ¶ 58.  Notably, the allegations regarding these

4   other transactions do not include nearly the same level of detail as the allegations related to Andrx

5   and Biosite.

6        Defendants also object to general language used in the sections of the complaint setting forth

7   the two separate claims for relief.  With respect to Section 10(b), the Commission asserts that "Each

8   Defendant, while in the possession of material nonpublic information regarding Andrx, Biosite, and

9   other companies, traded in the securities of those companies or tipped others using material

10  nonpublic information." Compl. ¶ 67 (emphasis added).  The other companies are not identified

11  elsewhere in the complaint.  With respect to Section 14(e), the Commission contends that "Each

12  defendant was in possession of material information relating to a tender offer, which information he

13  knew or had reason to know was nonpublic, which information he knew or had reason to know had

14  been acquired directly [or] indirectly . . . .  At the time of the purchase [or] sale of the securities of

15  the issuer sought to be acquired in the proposed tender offer, offering entities had taken a substantial

16  step or steps to commence a tender offer for the issuer." Compl. ¶¶ 73-74 (emphasis added).  The

17  complaint does not specify to which tender offers, securities, issuers, or offering entities these

18  allegations refer.

19

20  LEGAL STANDARD

21  I.     Motion to Dismiss

22       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a

23  defendant for failure to state a claim upon which relief can be granted against that defendant.  A

24  motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block,

25  250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a

26  claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the

27  complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977,

28
                                            3

1   980 (9th Cir. 2002).  A motion to dismiss should be granted if a plaintiff fails to plead "enough facts

2   to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569

3   (2007).  Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient

4   facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

5   (9th Cir. 1988).  Allegations of material fact are taken as true and construed in the light most

6   favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

7   1996). However, mere conclusions couched as factual allegations are not sufficient to state a cause

8   of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court need not accept as true

9   allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable

10  inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult

11  Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994).

12  II.     Federal Rule of Civil Procedure Rule 9(b)

13          Allegations of fraud must satisfy the heightened pleading requirements of Federal Rule of

14  Civil Procedure 9(b) to survive a motion to dismiss.  Fed. R. Civ. P. 9(b).  Rule 9(b) provides that in

15  all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

16  with particularity.  Id.  As insider trading inherently involves fraud, claims alleging violations of

17  Sections 10(b) and 14(e) must satisfy Rule 9(b).  See Livid Holdings Ltd. v. Salomon Smith Barney,

18  Inc., 416 F.3d 940, 946 (9th Cir. 2005); Deutsch v. Flannery, 823 F.2d 1361 (9th Cir. 1987)

19  (applying Rule 9(b) standard to Sections 10(b) and 14(e) claims) cert. denied by Deutsch v.

20  Flannery, 498 U.S. 818 (1990); Rubke v. Capitol Bancorp Ltd., 460 F. Supp. 2d 1124, 1147, 1150

21  (N.D. Cal. 2006) (Hamilton, J.) (applying Rule 9(b) standard to 10(b) and 14(e) claims).

22          In order to meet the pleading requirement of Rule 9(b), plaintiffs must "[identify] the

23  circumstances constituting fraud so that the defendant can prepare an adequate answer from the

24  allegations."  Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (quoting Gottreich v. San

25  Francisco Investment Corp., 552 F.2d 866, 866 (9th Cir. 1977)).  The complaint must specify such

26  facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.

27  Id.  Essentially, allegations must state the "the who, what, when, where, and how of the misconduct

28

United States District Court
For the Northern District of California

4

1    charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing <u>Vess v. Ciba-

2    Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003)).  However, the Ninth Circuit has

3    "recognized that some balance must be achieved between the need to protect defendants from having

4    to defend factually baseless litigation and the need to afford plaintiffs an adequate opportunity to

5    develop factual bases for legitimate claims." <u>Neubronner</u>, 6 F.3d at 671.  Therefore, Rule 9(b) does

6    not require plaintiffs in a securities fraud case to allege facts that are in the sole possession of the

7    defendants. <u>Deutsch</u>, 823 F.2d at 1366.  The requirements of Rule 9(b) are met when the defendants

8    have enough information to frame a responsive pleading. <u>Id.</u>

9    III.    <u>Motion for More Definite Statement</u>

10           Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement

11   of a pleading to which a response is allowed if the pleading is so vague or ambiguous that the party

12   cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  The motion must point out the defects

13   complained of and the details desired. <u>Id.</u>  Additionally, Rule 12(e) may be used in conjunction with

14   Rule 9(b) to challenge a pleading based on its failure to plead fraud with particularity under Rule

15   9(b).  5A Wright and Miller, Federal Practice & Procedure § 1300 (3d ed. 2004).

16

17   <u>DISCUSSION</u>

18   I.      <u>Motion to Dismiss Claims Under Sections 10(b) and 14(e) of the Securities and Exchange
             Act</u>

19

20           Ordinarily, in reaching a decision in a matter such as this, the court would set forth the

21   elements for establishing a violation of Sections 10(b) and 14(e) of the Securities and Exchange Act

22   and examine whether the Commission's complaint alleges facts to support those elements with the

23   specificity required by Rule 9(b).  The moving papers of the parties in this case, however, indicate

24   that this is the rare opposed motion upon which the parties agree on the substance of their "dispute."

25   Defendants concede that the Commission's allegations regarding defendants' trades of Andrx and

26   Biosite securities state a claim upon which relief can be granted, pursuant to Federal Rule of Civil

27   Procedure 12(b)(6), and satisfy the heightened pleading requirement of Rule 9(b).  Docket No. 52

28   (Reply) at 2 ("Defendants concede that the Complaint pleads fraud with particularity as to only

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   Andrx and Biosite."); Docket No, 46 (Motion) at 2 (stating that Andrx and Biosite allegations "are

2   set forth in abundant detail over seven and one-half pages in the Complaint."); id. at 4-6.  And the

3   Commission concedes that its complaint does not adequately state a claim against any of the

4   defendants regarding trades of securities other than Andrx and Biosite.  Docket No. 51 (Opp'n) at 7-

5   8 (discussing how allegations related to other securities were included only to "describe[]

6   defendants' broader scheme in order to place the illegal trading in context, and to establish

7   defendants' state of mind and motive.").  The Commission also concedes that, unless it were to

8   amend its complaint to include additional details regarding other instances of insider trading, it could

9   only seek to hold defendants liable for the Andrx and Biosite securities upon which they profited

10       The only remaining issue is what, if anything, the court should do to address the general

11   allegations in the complaint that do not satisfy Rules 12(b)(6) and 9(b).  Defendants claim the

12   nonspecific allegations require that the complaint be dismissed in its entirety.  The Commission

13   asserts that because, as defendants admit, the complaint adequately sets forth specific facts to state

14   claims for violations of Sections 10(b) and 14(e) related to Andrx and Biosite, that the court need not

15   disturb the complaint.

16       The court will treat defendants' motion as a motion to strike .  Given the Commission's own

17   admissions in their moving papers and the hearing on this motion, the court grants defendants'

18   motion to strike.  The court orders that the Commission file an amended complaint that makes it

19   clearer that the only securities transactions for which it currently seeks to establish liability are those

20   related to the acquisition of Andrx and Biosite.  In amending the complaint the Commission is to

21   focus on the nonspecific language in paragraphs 67 (referring to "other companies"), 73, 74 and 75

22   (all three referring to an unspecified  "tender offer", "offering entity or person" and  "issuer") of the

23   complaint.  The Commission need not, however, amend the allegations in paragraphs 58 to 64,

24   which merely seek to provide factual background to the specific allegations in this case, and which

25   speak to defendants' intent and motives.  It is premature for the court to decide if evidence

26   supporting the allegations in those paragraphs would be admissible.  If the Commission wishes to

27

28

1  pursue insider trading claims related to other securities transactions, it must allege those violations

2  with the specificity required by Rule 9(b).

3  II.     <u>Injunctive Relief</u>

4         Finally, defendants move the court to dismiss plaintiff's prayer, should it prevail, for

5  injunctive relief to enjoin defendants from further violations of sections 10(b) and 14(e) of the

6  Exchange Act.

7         Section 21(d) of the Exchange Act authorizes the Commission to seek a permanent

8  injunction when it appears that any person "is engaged or is about to engage in acts or practices

9  constituting a violation of any provision of [the Exchange Act], [or] the rules or regulations

10 thereunder . . . ." 15 U.S.C. § 78u(d).  "To justify an injunction , there must be a reasonable

11 likelihood of future violations of the securities laws. "  <u>S.E.C. v. M & A West, Inc.</u>, 538 F.3d 1043,

12 1055 (9th Cir. 1996) (quoting <u>S.E.C. v. Murphy</u>, 626 F.2d 633, 655 (9th Cir. 1980)) (internal

13 quotations omitted).  "In predicting this likelihood a court should consider the totality of the

14 circumstances, including (1) the degree of scienter involved; (2) the isolated or recurrent nature of

15 the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the

16 likelihood, because of the defendant's professional occupation, that future violations might occur;

17 (5) and the sincerity of his assurance against future violations."  <u>Id.</u> (citing <u>S.E.C. v. Fehn</u>, 97 F.3d

18 1276, 1295 (9th Cir. 1996)).  To obtain a permanent injunction, the Commission has the burden of

19 showing there is a reasonable likelihood of future violations of the securities laws.  <u>Fehn</u>, 97 F.3d at

20 1295.

21        Defendants contend that the Commission has not alleged facts that establish that defendant is

22 likely to engage in future violations of the securities laws and that no such facts could be alleged

23 because defendant Maher Kara is no longer employed as an investment banker.  At this point in the

24 litigation, dismissal of the claim for injunctive relief is premature.  Although the SEC has the burden

25 of showing that there is a reasonable likelihood of future violations, they have not yet been given a

26 full opportunity to meet that burden.  Defendants' argument that Maher Kara is currently

27 unemployed is of little consequence.  Even if this fact is assumed true, there is nothing keeping him

28

7

United States District Court

For the Northern District of California

1  from obtaining employment in the future. Moreover, the defendant's occupation is only one of five

2  suggested factors to be weighed in a totality of the circumstances analysis. Therefore, even if

3  defendant was and is legally precluded from future employment, plaintiff could still make a

4  plausible claim for injunctive relief under the allegations as they are currently stated in the

5  complaint. For the preceding reasons, defendants' motion to dismiss plaintiff's prayer for injunctive

6  relief is denied.[2]

7

8  CONCLUSION

9       For the preceding reasons, defendants' motion to dismiss and in the alternative for a more

10  definite statement, treated as a motion to strike, is GRANTED. Plaintiff shall, within 10 days, file

11  an amended complaint consistent with this order.

12

13       IT IS SO ORDERED

14

15

16

17

18  Dated: 10/19/2009                                    _____
                                                         MARILYN HALL PATEL
19                                                       United States District Court Judge
                                                         Northern District of California
20

21

22

23

24

25

26

27

28

8

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENDNOTES**

1. All background facts are taken directly from plaintiff's complaint.  Docket No. 1 (Compl.).

2.   Defendants submitted a motion for the court to take judicial notice of Maher Kara's current employment status.  In light of the court's ruling, the court denies the motion as moot.