1  MARC J. FAGEL (Cal. Bar No. 154425)
   ROBERT TASHJIAN (Cal. Bar No. 191007)
2      tashjianr@sec.gov
   LLOYD FARNHAM (Cal. Bar No. 202231)
3      farnhaml@sec.gov
4  Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, 26th Floor
6  San Francisco, California  94104
   Telephone:  415-705-2500
7  Facsimile:  415-705-2501

8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,      Case No. CV 09-1880 EMC

15              Plaintiff,                   [PROPOSED]
                                             FINAL JUDGMENT AS TO
16         v.                                DEFENDANT EMILE Y. JILWAN

17  MAHER F. KARA, MICHAEL F. KARA,
    EMILE Y. JILWAN, BASSAM Y. SALMAN, and
18  KARIM I. BAYYOUK,

19              Defendants.

20

21         The Securities and Exchange Commission having filed a Complaint and Defendant

22  Emile Y. Jilwan having entered a general appearance; consented to the Court's jurisdiction over

23  Defendant and the subject matter of this action; consented to entry of this Final Judgment

24  without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

25  findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

                                  I.

26

27         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

28  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

     (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the

1   offering person of such issuer, unless within a reasonable time prior to any such

2   purchase or sale such information and its source are publicly disclosed by press

3   release or otherwise; or

4   (b)   communicating material, nonpublic information relating to a tender offer, which

5   Defendant knows or has reason to know is nonpublic and knows or has reason to

6   know has been acquired directly or indirectly from the offering person; the issuer

7   of the securities sought or to be sought by such tender offer; or any officer,

8   director, partner, employee, advisor, or other person acting on behalf of the

9   offering person of such issuer, to any person under circumstances in which it is

10  reasonably foreseeable that such communication is likely to result in the purchase

11  or sale of securities in the manner described in subparagraph (a) above, except

12  that this paragraph shall not apply to a communication made in good faith

13  (i)   to the officers, directors, partners or employees of the offering person, to

14  its advisors or to other persons, involved in the planning, financing,

15  preparation or execution of such tender offer;

16  (ii)  to the issuer whose securities are sought or to be sought by such tender

17  offer, to its officers, directors, partners, employees or advisors or to other

18  persons involved in the planning, financing, preparation or execution of

19  the activities of the issuer with respect to such tender offer; or

20  (iii) to any person pursuant to a requirement of any statute or rule or regulation

21  promulgated thereunder.

22                                      III.

23      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

24  is liable for disgorgement of $1,317,087, representing profits gained as a result of the conduct

25  alleged in the Complaint, together with prejudgment interest thereon in the amount of $332,833,

26  for a total of $1,649,920.  Based on Defendant's sworn representations in his Statement of

27  Financial Condition dated September 23, 2011, and other documents and information submitted

28  to the Commission, however, the Court is not ordering Defendant to pay a civil penalty, and

FINAL JUDGMENT AS TO
DEFENDANT EMILE Y. JILWAN

payment of all but $330,000 of the disgorgement and prejudgment interest thereon is waived. Defendant shall satisfy this obligation by paying $150,000 within 10 days of the entry of this Final Judgment, and $180,000 within 90 days of the entry of this Final Judgment, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Emile Y. Jilwan as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

V.

The determination not to impose a civil penalty and to waive payment of all but $330,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial

1   information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any

2   material respect as of the time such representations were made.  In its petition, the Commission

3   may move this Court to consider all available remedies, including, but not limited to, ordering

4   Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt

5   of this Final Judgment.  The Commission may also request additional discovery.  Defendant may

6   not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final

7   Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that

8   payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not

9   be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment

10  interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6)

11  assert any defense to liability or remedy, including, but not limited to, any statute of limitations

12  defense.

13                                                          VI.

14         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

15  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

16  shall comply with all of the undertakings and agreements set forth therein.

17                                                          VII.

18         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

19  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

20                                                          VIII.

21         There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

22  Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

23

24
        Dated: _____            1/6/12
25                                              _____

26                                                                        Judge

27

28



FINAL JUDGMENT AS TO
DEFENDANT EMILE Y. JILWAN

1

2   Approved as to form:

3

4          Digitally signed by William Green
          DN: cn=William Green, o, ou,
          email=greenbill@pacbell.net,
          c=US
          Date: 2011.09.30 13:24:26 -07'00'

5   William H. Green, Esq.

    2 Wanda Way

6   Martinez, CA  94553

    Telephone:  (925) 890-6408

7   ATTORNEY FOR DEFENDANT EMILE Y. JILWAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT AS TO
DEFENDANT EMILE Y. JILWAN