1  JINA L. CHOI (N.Y. Bar No. 154425)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2  ROBERT L. TASHJIAN (Cal. Bar No. 191007)
       tashjianr@sec.gov
3
   Attorneys for Plaintiff
4  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, 28th Floor
5  San Francisco, California 94104
   Telephone: (415) 705-2500
6  Facsimile: (415) 705-2501

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  SECURITIES AND EXCHANGE          Case No. 09-cv-1880-EMC
    COMMISSION,
12                                   [PROPOSED]
                                     FINAL JUDGMENT AS TO
              Plaintiff,             DEFENDANT MAHER F. KARA
13       v.

14  MAHER F. KARA, MICHAEL F. KARA,
    BASSAM Y. SALMAN, and KARIM I.
15  BAYYOUK,

16            Defendants.

17

18       The Securities and Exchange Commission having filed a Complaint and Defendant

19  Maher F. Kara having entered a general appearance; consented to the Court's jurisdiction over

20  Defendant and the subject matter of this action; consented to entry of this Final Judgment;

21  waived findings of fact and conclusions of law; and waived any right to appeal from this Final

22  Judgment:

23                                   I.

24       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

25  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

26  participation with them who receive actual notice of this Final Judgment by personal service or

27  otherwise are permanently restrained and enjoined from violating, directly or indirectly,

28  Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

1  and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

2  instrumentality of interstate commerce, or of the mails, or of any facility of any national

3  securities exchange, in connection with the purchase or sale of any security:

4      (a)    to employ any device, scheme, or artifice to defraud;

5      (b)    to make any untrue statement of a material fact or to omit to state a material fact

6      necessary in order to make the statements made, in the light of the circumstances

7      under which they were made, not misleading; or

8      (c)    to engage in any act, practice, or course of business which operates or would

9      operate as a fraud or deceit upon any person.

10                                        II.

11      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

12  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

13  participation with them who receive actual notice of this Final Judgment by personal service or

14  otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange

15  Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

16  connection with any tender offer or request or invitation for tenders, from engaging in any

17  fraudulent, deceptive, or manipulative act or practice, by:

18    A.    Purchasing, selling, *or* causing the purchase or sale of (1) securities sought in such

19      tender offer; (2) securities convertible into or exchangeable for any such securities; *or*

20      (3) any option or right to obtain or dispose of any of the foregoing securities, while in

21      possession of material information relating to such tender offer that Defendant knows

22      or has reason to know is nonpublic *and* knows or has reason to know has been acquired

23      directly or indirectly from—

24          (i)    the offering person;

25          (ii)    the issuer of the securities sought or to be sought by such tender offer; *or*

26          (iii)    any officer, director, partner, employee or other person acting on behalf of

27          the offering person of such issuer; *or*

28

1    B.   Communicating material nonpublic information relating to a tender offer, which

2         Defendant knows or has reason to know is nonpublic *and* knows or has reason to know

3         has been acquired directly or indirectly from—

4              (i)     the offering person;

5              (ii)    the issuer of the securities sought or to be sought by such tender offer; *or*

6              (iii)   any officer, director, partner, employee or other person acting on behalf of

7                     the offering person of such issuer—

8         to any person under circumstances in which it is reasonably foreseeable that such

9         communication is likely to result in the purchase or sale of securities in the manner

10        described in Paragraph A, above.

11                                             III.

12        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

13   incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

14   shall comply with all of the undertakings and agreements set forth therein.

15                                             IV.

16        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

17   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

18                                             V.

19        There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

20   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

21

22

23   Dated: _____8/21/15_____     _____

24                                             Ed                              udge
                                              IT IS SO ORDERED

25

26                                             Judge Edward M. Chen

27

28

SEC v. MAHER KARA, ET AL.                    3                    FINAL JUDGMENT AS TO
CASE NO. 3:09-CV-01880-EMC                                              MAHER KARA