JINA L. CHOI (N.Y. Bar No. 154425)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 28th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>       v.<br><br>MAHER F. KARA, MICHAEL F. KARA, BASSAM Y. SALMAN, and KARIM I. BAYYOUK,<br><br>               Defendants. | Case No. 09-cv-1880-EMC<br><br>[~~PROP~~OSED]<br>FINAL JUDGMENT AS TO<br>DEFENDANT KARIM I. BAYYOUK |

The Securities and Exchange Commission having filed a Complaint and Defendant

Karim I. Bayyouk having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment;

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

A.    Purchasing, selling, *or* causing the purchase or sale of (1) securities sought in such tender offer; (2) securities convertible into or exchangeable for any such securities; *or* (3) any option or right to obtain or dispose of any of the foregoing securities, while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic *and* knows or has reason to know has been acquired directly or indirectly from—

    (i)    the offering person;

    (ii)    the issuer of the securities sought or to be sought by such tender offer; *or*

    (iii)    any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer; *or*

B.   Communicating material nonpublic information relating to a tender offer, which

Defendant knows or has reason to know is nonpublic *and* knows or has reason to know

has been acquired directly or indirectly from—

(i)      the offering person;

(ii)     the issuer of the securities sought or to be sought by such tender offer; *or*

(iii)    any officer, director, partner, employee or other person acting on behalf of

the offering person of such issuer—

to any person under circumstances in which it is reasonably foreseeable that such

communication is likely to result in the purchase or sale of securities in the manner

described in Paragraph A, above.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 8/21/15 _____          _____

Edward M. Chen

United States District

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA