UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL F. KARA, et al.,<br><br>    Defendants. | Case No. 09-cv-01880-EMC<br><br>**ORDER GRANTING PLAINTIFF'S RE-CALCULATION OF PREJUDGMENT INTEREST IN ACCORDANCE WITH MARCH 1, 2016 ORDER**<br><br>Docket No. 168 |

## I. INTRODUCTION

The Securities and Exchange Commission ("SEC") filed its supplemental brief pursuant to this Court's March 1, 2016 Order directing the SEC to re-calculate prejudgment interest based on the date in which Defendant possessed the ill-gotten gains to the date when Defendant paid taxes on it. The SEC contends the appropriate accrual date is March 29, 2007. This date corresponds to the last transaction of Defendant's insider trading scheme. The SEC calculates pre-judgment interest from March 29, 2007 to October 14, 2008, when Defendant paid taxes, as $46,686.84.

Defendant filed no opposition to contest the calculation. Having reviewed the SEC's calculation, the Court finds that the SEC's calculation for prejudgment interests is reasonable and fair and hereby orders Defendant to pay prejudgment interest in the amount of $46,686.84.

## II. DISCUSSION

On March 1, 2016, this Court ordered the SEC to submit supplemental briefing calculating the amount of prejudgment interest for the period where Defendant possessed the ill-gotten gains up to the date taxes were paid (October 14, 2008). The SEC has calculated the amount of prejudgment interest to be $46,686.84 on the $424,988 of disgorgement ordered by the Court.

1    The calculation of prejudgment interest is based on the determination made by William
2 Young, a Financial Economist in the Office of Litigation Economics in the Division of Economic
3 and Risk Analysis of the United States Securities and Exchange Commission ("Commission").
4 *See* Docket No. 169 (Young Decl.).  Young stated he calculated the prejudgment interest by
5 "utiliz[ing] the standard approach used by the Commission's Enforcement Division, which adapts
6 the IRS' rules for calculating interest on the underpayment of taxes." *See* Young Decl. ¶ 4.
7 Young further states,

> According to the Court's Order, interest was accrued from March 29, 2007 through October 14, 2008.  This conservatively corresponds to the settlement date of the last transaction related to the scheme (in Biosite, Inc.), as explained in Exhibit 2 to my initial declaration [Docket No. 154], and the date taxes were paid, respectively.  Partial months are ignored and interest is compounded quarterly.  The interest rates for underpayments are published quarterly by the Internal Revenue Service in accordance with Section 6621.  The rates are based on the quarterly short-term Applicable Federal Rate plus 3%, where the short-term rate for each quarter is based on the published rate for the second month of the previous quarter (e.g. the 2Q 2008 rate is based on the short-term rate from February 2008).

16 *Id.*  This calculation assumes that $3,897,034 in credits were paid immediately at the end of the
17 fraud.  *See* Young Decl. ¶ 5.
18    Defendant filed no opposition to the SEC's calculation of prejudgment interest.
19 "Prejudgment interest on a disgorgement amount is intended to deprive the wrongdoer of the
20 benefit of holding the illicit gains over time by reasonably approximating the cost of borrowing
21 such gain from the government." *SEC v. Contorinis*, 743 F.3d 296, 308 (2d Cir. 2014).
22 Therefore, because Defendant possessed the ill-gotten gains from March 29, 2007 (the last date in
23 which Defendant participated in the insider trading scheme) to October 14, 2008 (the date in
24 which Defendant paid taxes on the ill-gotten gains), the SEC's calculation of $46,686.84 for
25 prejudgment interest is reasonable and fair.
26 ///
27 ///
28 ///

### III. CONCLUSION

The SEC's calculation of prejudgment interest is proper based on the evidence, trial testimony, and court record. Having received no objections from Defendant, the Court orders Defendant to pay prejudgment interest in the sum of $46,686.84.

**IT IS SO ORDERED**.

Dated: March 23, 2016

_____
EDWARD M. CHEN
United States District Judge