JINA L. CHOI (N.Y. Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
    schneiders@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
    lamarcas@sec.gov
ROBERT TASHJIAN (Cal. Bar No. 191007)
    tashjianr@sec.gov
JUDITH L. ANDERSON (Cal. Bar No. 124281)
    andersonju@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 28th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>MICHAEL F. KARA,<br><br>Defendant. | Case No. 3:09-cv-1880-EMC<br><br>[PROPOSED] ORDER OF FINAL JUDGMENT AS TO DEFENDANT MICHAEL KARA<br><br><br>Honorable Edward M. Chen<br>Courtroom 5, 17th Floor |

Plaintiff Securities and Exchange Commission ("Commission") moved for summary judgment against Defendant Michael Kara, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  By its motion, the Commission seeks summary judgment against the defendant on each of the claims for relief against him, based upon the lack of a genuine issue of material fact.  The Commission also seeks remedial sanctions, including the entry of an injunction against the defendant, an order that he disgorge certain ill-gotten gains with prejudgment interest, and an order requiring the defendant to pay civil monetary penalties.

The Court, having considered the Commission's motion and any response thereto, and having found that good cause appears therefrom, has granted the Commission's motion for summary judgment in part and denied it in part.  Specifically, the Court found Defendant civilly liable of securities fraud, granted the Commission's request for an injunction against Defendant, and granted the Commission's requests for disgorgement and for prejudgment interest, as modified.  The Court denied the Commission's request for civil penalties.

Accordingly, in this Final Judgment as to Defendant Michael Kara ("Final Judgment"):

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances  under which they were made, not misleading; or

1        (c)    to engage in any act, practice, or course of business which operates or would

2        operate as a fraud or deceit upon any person.

3                                         II.

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

5  Defendant's agents, servants, employees, attorneys, and all persons in active concert or

6  participation with them who receive actual notice of this Final Judgment by personal service or

7  otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange

8  Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

9  connection with any tender offer or request or invitation for tenders, from engaging in any

10  fraudulent, deceptive, or manipulative act or practice, by:

11        (a)    purchasing or selling or causing to be purchased or sold the securities sought or to

12  be sought in such tender offer, securities convertible into or exchangeable for any such securities

13  or any option or right to obtain or dispose of any of the foregoing securities while in possession

14  of material information relating to such tender offer that Defendant knows or has reason to know

15  is nonpublic and knows or has reason to know has been acquired directly or indirectly from the

16  offering person; the issuer of the securities sought or to be sought by such tender offer; or any

17  officer, director, partner, employee or other person acting on behalf of the offering person of

18  such issuer, unless within a reasonable time prior to any such purchase or sale such information

19  and its source are publicly disclosed by press release or otherwise; or

20        (b)    communicating material, nonpublic information relating to a tender offer, which

21  Defendant knows or has reason to know is nonpublic and knows or has reason to know has been

22  acquired directly or indirectly from the offering person; the issuer of the securities sought or to

23  be sought by such tender offer; or any officer, director, partner, employee, advisor, or other

24  person acting on behalf of the offering person of such issuer, to any person under circumstances

25  in which it is reasonably foreseeable that such communication is likely to result in the purchase

26  or sale of securities in the manner described in subparagraph (a) above, except that this

27  paragraph shall not apply to a communication made in good faith (i) to the officers, directors,

28

1  partners or employees of the offering person, to its advisors or to other persons, involved in the
2  planning, financing, preparation or execution of such tender offer; (ii) to the issuer whose
3  securities are sought or to be sought by such tender offer, to its officers, directors, partners,
4  employees or advisors or to other persons involved in the planning, financing, preparation or
5  execution of the activities of the issuer with respect to such tender offer; or (iii) to any person
6  pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant is liable for, and ordered to disgorge, his ill-gotten gains as a result of the conduct alleged in the Complaint, in the amount of $424,988, together with prejudgment interest thereon in the amount of $46,686.84, for a total disgorgement amount of $471,674.84. Defendant shall satisfy this obligation by paying $471,674.84 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Michael Kara as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED. The clerk of the Court is directed to close this case.

Dated: March 30, 2016

_____
Edward M. Chen
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen